## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
CASE NO.

LORENZA OJEDA,

     Plaintiff,

v.

GOODWILL INDUSTRIES OF
SOUTHWEST FLORIDA, INC.,
a Florida Not for Profit Corporation,

     Defendant.

_____/

## COMPLAINT

Plaintiff, LORENZA OJEDA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, GOODWILL INDUSTRIES OF SOUTHWEST FLORIDA, INC., a Florida not for profit corporation (hereinafter "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant, and jurisdiction of this Court is invoked pursuant to the provisions of the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Act Amendments Act ("ADAAA") 42 U.S.C. §§ 12101 *et seq*., and Chapter 760, Florida Statutes ("Florida Civil Rights Act" or "FCRA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Middle District of Florida because Plaintiff was employed in the Middle District of Florida by Defendant, because the acts that give rise to Plaintiff's claims occurred within the Middle District of Florida, and because Defendant is subject to personal jurisdiction there.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5. Plaintiff, at all times pertinent to this complaint, resided within the Middle District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the ADA and ADAAA in that she is a person with a disability as defined by those Acts.

7. Plaintiff is a member of a class protected under the ADA and ADAAA because she made requests for accommodation to Defendant and was terminated thereafter.

8. Defendant is a not-for-profit corporation organized and existing under and by virtue of the laws of Florida. Plaintiff worked for Defendant at its facility located in Naples, Florida, and all the actions complained of herein took place within the Middle District of Florida.

9. Defendant has, at all times material, employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA, Title VII, the ADA, and ADAAA (42 U.S.C. § 2000e(b)), Fla. Stat. § 760.02(7)).

10. Plaintiff has exhausted all administrative remedies by timely filing a charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff submitted her Charge to the EEOC on or about August 23, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

*Page 2*

12. December 13, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.  This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (A copy of this Notice is hereto attached as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

**<u>GENERAL ALLEGATIONS RELATED TO ALL COUNTS</u>**

15. Plaintiff worked for the Defendant at its Naples facility from on or around March 3, 2021, through July 8, 2021 as a store clerk. At all relevant times, Plaintiff was employed by Defendant and worked at Defendant's store located at Towne Centre 3759 Tamiami Trail E, Naples, Florida.

16. As a store clerk, Plaintiff's job duties included hanging, tagging, and organizing clothing for display within Defendant's store.

17. Plaintiff was at all times qualified for her job. During her tenure with the company, Plaintiff was neither disciplined nor advised that her performance was less than satisfactory.

18. On or about May 31, 2021, Plaintiff suffered an accident at her other job. As a result of this accident, Plaintiff injured her left shoulder and both knees.

19. On or about June 6, 2021, Plaintiff was diagnosed with contusions in both knees, and internal derangement of her left shoulder.  These injuries are disabilities under the ADA, the ADAAA, and the FCRA in that they substantially impaired Plaintiff's ability to, at minimum, perform physical activities for long periods of time. As a result, Plaintiff was being treated and her doctor placed restrictions on her ability to lift, push, bend, climb, pull, squat and stand for long periods of time.

20. Following her June 6 doctor's visit, Plaintiff informed Defendant of her condition and limitations through her supervisor, Eileen (LNU). Because of the nature of Plaintiff's job, Plaintiff required an accommodation to her position. Plaintiff provided a doctor's note in support of her request for accommodations. However, Plaintiff was sent home pending her follow up visit on July 6, 2021.

21. On or about July 6, 2021, Plaintiff was cleared to return to work with limitations which included no bending, no climbing, no kneeling, no squatting, or standing for long periods of time.

22. Plaintiff made a request for accommodations and provided her doctor's notes to the store Manager Ashley (LNU) immediately following Plaintiff's doctor's appointment.

23. Upon information and belief, there were other jobs for which Plaintiff was qualified that she could have performed.  However, Plaintiff was not offered a position and was sent home and told not to return to work until she was contacted by Human Resources.

24. On or about July 8, 2021, Shannon (LNU) Human Resources Representative contacted Plaintiff and informed her that Plaintiff's employment with Defendant was terminated.

25. Defendant failed to accommodate Plaintiff's request for reasonable accommodations as recommended by Plaintiff's doctor and terminated Plaintiff's employment as a result of Plaintiff's request.

26. Prior to Plaintiff's termination, Defendant had not previously disciplined Plaintiff or advised Plaintiff that she was at risk of termination.

27. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

28. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability or perceived disability, and/or request for accommodation were motivating factor(s) in the decision for the adverse employment action(s).

29. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

30. Plaintiff is entitled to reasonable attorneys' fees and costs if she is the prevailing party in this action.

<u>**COUNT I**</u>
**VIOLATION OF THE ADA AND ADAAA**
**(FAILURE TO ACCOMMODATE)**

31. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

32. Plaintiff's knee contusions and shoulder derangement constitute a disability under the ADA and ADAAA in that, as a result of these conditions, Plaintiff was substantially limited in her ability to engage in activities such as bending, climbing, kneeling, squatting, bearing weight, and standing for long periods of time.  These are considered "major life activities" as defined by the ADA and ADAAA.

33. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the ADA and ADAAA § 101(8) (42 U.S.C. § 12111(8)).

34. Defendant failed to provide Plaintiff with reasonable accommodations as that term is defined in the ADAAA, § 101(9).  Plaintiff requested that Defendant allow her to return to work without requiring Plaintiff to bend, climb, kneel, squat, or stand for long periods of time as part of her job duties.

35. Plaintiff made this request to supervisor Eileen (LNU), store manager Ashley (LNU), and HR representative Shannon (LNU) in June and July 2021.

36. These requests were reasonable and would not have caused Defendant undue hardship in that there were other jobs for which Plaintiff was qualified that she could have performed.

37. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

38. Plaintiff is informed, believes, and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to reinstatement of her formerly held position (or its equivalent) and reinstatement of her benefits/seniority.

39. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

## COUNT II
## VIOLATION OF THE ADA AND ADAAA
## (DISCRIMINATION BASED ON DISABILITY)

40. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

41. Title I of the ADA and the ADAAA prohibits employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

42. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to Defendant's refusal to allow Plaintiff to work and termination of Plaintiff's employment, was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity, to wit: bending, climbing, kneeling, squatting, bearing weight, and standing for long periods of time; and/or Plaintiff's record of having such disability.

43. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, refusal to allow Plaintiff to work and termination of Plaintiff's employment, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

44. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, refusal to allow Plaintiff to work and termination of Plaintiff's employment, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

45. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss.  To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

46. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

### <u>COUNT III</u>
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON DISABILITY)

47. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

48. The FCRA prohibits employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

49. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to Defendant's refusal to allow Plaintiff to work and termination of Plaintiff's employment, was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity, to wit: bending, climbing,

kneeling, squatting, bearing weight, and standing for long periods of time; and/or Plaintiff's record of having such disability.

50. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, refusal to allow Plaintiff to work and termination of Plaintiff's employment, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

51. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, refusal to allow Plaintiff to work and termination of Plaintiff's employment, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

52. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss.  To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

53. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

A.  Actual damages as a result of Defendant's discriminatory actions;

B.  Punitive damages due to Defendant's willful behavior;

C.  Compensatory damages;

D.  Injunctive relief where feasible;

E.  Attorney's fees;

F.  Costs of this action; and

G.  Any other relief this Court deems proper.

## <u>COUNT IV</u>
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

54. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

55. Plaintiff requested reasonable accommodations in mid-June and July 2021 for her disability. These requests were made to Eileen (LNU), Ashley (LNU), and Shannon (LNU) who knew of Plaintiff's limitations.

56. As a direct result of Plaintiff's requests for a reasonable accommodations, Plaintiff was terminated by Defendant on July 8, 2021 without valid reason.

57. Defendant's refusal to provide an accommodation and termination of Plaintiff's employment constitute adverse employment actions under the ADA and ADAAA.

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA.  Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees.  Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

59. Defendant's stated reason(s) for denying Plaintiff's request for accommodation is pretextual.

60. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional

pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

<u>**COUNT V**</u>
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

61. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-30 above as though the same were fully set forth herein.

62. Plaintiff requested reasonable accommodations in mid-June and July 2021 for her disability. These requests were made to Eileen (LNU), Ashley (LNU), and Shannon (LNU) who knew of Plaintiff's limitations.

63. As a direct result of Plaintiff's requests for reasonable accommodations, Plaintiff was terminated by Defendant on July 8, 2021 without valid reason.

64. Defendant's refusal to provide an accommodation and termination of Plaintiff's employment constitute adverse employment actions under the FCRA.

65. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through its officers and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

66. Defendant's stated reason(s) for denying Plaintiff's request for accommodation is pretextual.

67. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff requests that:

A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff, LORENZA OJEDA, demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: <u>March 13, 2023</u>                                   Respectfully submitted,

*/s/ Nathaly Saavedra*
**Nathaly Saavedra, Esq.**
Fla. Bar No. 118315
nathaly@peregonza.com
**P. Brooks LaRou, Esq.**
Fla. Bar No. 1039018
brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, Florida 33126
Telephone: (786) 650-0202
Facsimile: (786) 650-0200
*Counsel for Plaintiff*